January Term, common council of the city generally.   *The People vs. Col-*
   1862.       *lins*, 19 Wend., 56, 68.                        •

LYNCH                Demurrer sustained.
  v.
STATE.

   ---

## LYNCH vs. STATE.

   Upon the argument of a criminal cause in this court, the counsel acting for the
        state alleged that the bill of exceptions did not present the facts truly, and
        the counsel for the prisoner entered into a stipulation referring the bill of
        exceptions to the counsel for the state in the court below, for such amend-
        ments as they might think proper, and agreeing to file a further stipulation
        to be signed by himself and his client, by which such amendments should be
        incorporated in the bill of exceptions; but when the amendments were certi-
        fied by the counsel for the state in the court below, the counsel for the pris-
        oner declined to file any further stipulation making them a part of the bill
        of exceptions, on the ground that his agreement to do so was improvidently
        made, &c.   *Held*, that the amendments thus certified should not be ordered
        to stand as part of the bill of exceptions, but it appearing from the affidavit
        of the judge of the court below, that the bill of exceptions differs in many
        important points from the bill as he intended to make it, it should be refer-
        red back to that judge to be resettled according to the facts.

   ERROR to the Municipal Court of the City of Milwaukee.
The case is stated by the court.
   *Mat. H. Carpenter*, for plaintiff in error.   ·
   *Joshua Stark*, for the state.

March 15.    *By the Court*, PAINE, J.   This is a criminal case, brought
        here upon a writ of error.   It was partially argued, when,
        upon a claim by the counsel acting for the state that the

bill of exceptions did not present truly the facts of the trial, the counsel for the prisoner entered into a written stipulation referring the bill to Messrs. Ryan and Butler, the counsel for the prosecution in the court below, to make such amendments as they should say ought to be made, and further agreeing to file a further stipulation to be signed by himself and his client, by which such amendments should be incorporated into the bill of exceptions. A number of amendments were certified by the gentlemen referred to, but the counsel for the prisoner refused to file any further stipulation making them a part of the bill of exceptions, as contemplated by the stipulation already on file. He declined upon the ground that this stipulation was improvidently made, and that his duty to his client required him to refuse to abide by it. The counsel for the state now asks that the amendments so reported shall be ordered to stand as a part of the bill of exceptions, or else that the bill be referred back to the judge of the court below to resettle according to the facts. We are clearly of the opinion that the first motion cannot be granted. If amendments are to be made here to the record returned from the court below, it can only be by stipulation. And it is obvious that the stipulation now on file does not purport to make the amendments to be returned, a part of the bill. It only agrees to file a new stipulation which should have that effect, but this has never been filed. It might be that the court could require a party to abide by a stipulation fairly made, in some cases, but we do not feel inclined to interfere to enforce one like the present by requiring a further act to be done, which by its terms was necessary to give it full effect. It was certainly somewhat extraordinary in its character, referring, as it did, the settlement of the bill of exceptions in a criminal case to the counsel for the prosecution. We are satisfied that it was done hastily, and as the result of a very natural desire to adopt the most thorough means of repelling any charge of unfair practice in settling the bill as it now is, which charge may perhaps be gathered from the affidavit of the judge of the court below. Under these circumstances we must refuse to order that the reported amendments become a part of the bill of exceptions.

January Term,
1862.

But the motion to refer the bill back to the judge below for amendment must be granted. We do not grant it, however, upon any belief that any fraud or unfairness was used by the counsel for the prisoner in procuring it to be settled in its present form. We feel bound to say that we are satisfied from the affidavits presented that such could not have been the case. Yet the judge swears that the bill as it now is, differs in many important points from the bill as he intended to make it. Of this he is positive. And although we think the defects must have resulted from a mistake or misapprehension on the part of the judge or of counsel, or of both, in the former settlement, we do not see how, upon a positive affidavit of the judge who tried the case, like the one before us, we could refuse to send the bill back for correction.

Of the power to refer it back for that purpose there is no doubt. And we think the positive affidavit of the judge, although somewhat general in its statements, together with the fact that the counsel for the prosecution have, in pursuance of the stipulation referred to, reported a very large number of amendments, which they say ought to be made, presents a case where the power should be exercised.

The motion to refer the bill of exceptions back to the judge of the municipal court, is granted.